# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HERBERT SMULLS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:02CV00618 ERW |
| ) | |
| AL LUEBBERS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion for the authorization of attorney's fees under 18 U.S.C. § 3599 for pursuing state clemency proceedings and federal challenges to the constitutionality of the Missouri's new execution protocol. The Court will grant the motion in part and deny it in part.

Missouri has not been able to execute any of its death-sentenced prisoners since it ran out of sodium thiopental in 2011. Recently, the Missouri Department of Corrections (the "Department") announced that it had adopted a new one-drug execution protocol using a high dose of propofol (Diprovan). The Department has requested that the Missouri Supreme Court set an execution date, and the Supreme Court has ordered petitioner, along with eight other inmates, to show cause why an execution date should not be set. Propofol has never been used in any execution in the United States.

Counsel seek authorization for fees in (1) representing petitioner before the Missouri Supreme Court in responding to the court's show cause order, (2) representing petitioner in state clemency proceedings, (3) representing petitioner in a suit under 42 U.S.C. § 1983 challenging the constitutionality of the protocol, and (4) representing petitioner in a case under the Food, Drug & Cosmetics Act challenging the legality of the protocol.

## Controlling Law

Title 18 U.S.C. § 3599(e) states:

Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

In <u>Harbison v. Bell</u>, 129 S. Ct. 1481 (2009), the Supreme Court of the United States held that 18 U.S.C. § 3599 authorizes federal counsel to represent their clients in state clemency proceedings after federal habeas proceedings have terminated. 129 S. Ct. at 1491. The decision in <u>Harbison</u> is instructive to the instant case.

In Harbison, the government argued that the statute only authorized counsel to represent petitioners in federal clemency proceedings. Id. at 1486. The government urged the Court to read the word "federal" into subsection (e), even though Congress had not specifically written the word into the statute. Id. The government maintained that the word "federal" is implied in subsection (a)(1)[1]; the government argued that the word "federal" must, therefore, be implied into subsection (e) as well. Id.

The Court rejected the government's analysis for several reasons. Id. at 1487. First, the Court noted that "subsection (a)(2) refers to state litigants, and it in turn provides that subsection (e) applies to such litigants." Id. Therefore, there is no reason to assume that Congress intended subsection (e) to apply only to federal clemency. Id. Additionally, the reference in subsection (e) to "other clemency" indicated that Congress understood that in some states clemency may be pursued through the legislature or the courts. Id. The Court found this to be a direct indication that Congress intended subsection (e) to apply to state clemency.

The Court found the limitation on federal counsel's duties to be implied by the structure of the statute and the word "subsequent." Id. at 1488 ("It is the sequential organization of the statute and the term 'subsequent' that circumscribe counsel's

---

[1]Subsection (a)(1) governs the appointment of counsel in federal capital prosecutions.

representation."). Additionally, the Court found it important that the "organization of subsection (e) . . . mirror[s] the ordinary course of proceedings for capital defendants." Id.

The Court further rejected the government's argument that allowing federal counsel to represent his or her client in state clemency proceedings would also require counsel to represent his or her client during state retrial after being granted federal habeas relief. Id. The Court found that counsel would not be authorized to represent his or her client during a state retrial because the retrial would not be a "subsequent" proceeding under § 3599(e). Id. Rather, any retrial would be "the commencement of new judicial proceedings," which are not covered by the statute. Id. Similarly, new state habeas proceedings would be "new judicial proceedings" and not covered by § 3599(e). Id. at 1488-89.

The Court noted that in certain circumstances, it may be permissible for federal counsel to represent his or her client in state habeas corpus proceedings "to exhaust a claim in the course of her federal habeas representation." Id. at 1489 n. 7. Authority for this representation comes under § 3599(e)'s reference to "other appropriate motions and procedures." Id. Decisions as to whether counsel may be authorized to represent his or her client in these types of circumstances must be made by the district courts on "a case-by-case basis." Id.

Finally, the Court noted that "[s]ubsection (e) emphasizes continuity of counsel, and Congress likely appreciated that federal habeas counsel are well positioned to represent their clients in the state clemency proceedings that typically follow from the conclusion of § 2254 litigation." Id. at 1490-91.

## Discussion

It is clear that counsel may be compensated for pursuing executive clemency proceedings. The Court also believes that counsel may be compensated for representing petitioner in the current proceedings before the Missouri Supreme Court showing cause why an execution date should not be set. As a result, the Court will grant the motion to appoint counsel, and the Court will compensate counsel for their reasonable efforts in these proceedings. Moreover, the date of the appointment shall be back-dated to May 17, 2012.

The Court may not, however, compensate counsel under § 3599 for pursuing civil litigation challenging the legality or constitutionality of the execution protocol. As the Court stated in Harbison, "[i]t is the sequential organization of the statute and the term 'subsequent' . . . circumscribe counsel's representation." Harbison, 129 S. Ct. at 1488. And the "organization of subsection (e) . . . mirror[s] the ordinary course of proceedings for capital defendants." Id. Section 1983 or other statutory federal challenges to a state's execution protocol are not the type of criminal or quasi-criminal

proceedings that ordinarily flow from the denial of a federal petition for writ of habeas corpus. To be sure, these civil actions are commonly filed by prisoners facing execution. However, they are of a different nature than post-conviction or clemency proceedings, for they do not challenge the fact of a prisoner's execution but rather the manner in which an execution may be carried out. Because of their separate nature, they are not "subsequent" stages of judicial proceedings, but are clearly "the commencement of new judicial proceedings." Id.

Moreover, the Guide to Judiciary Policy states that prisoner civil rights actions under § 1983 are not compensable under the CJA. Guide Vol. 7A § 210.20.50(c).

The statutorily available avenue for appointment of counsel in federal civil cases is under 28 U.S.C. § 1915(e)(1). If petitioner cannot afford to pay the filing fee in a § 1983 action challenging the execution protocol, he may request that counsel be appointed, and counsel can request compensation from the Court. Compensation is limited but "[t]he Criminal Justice Act is in no way an attorney's full-employment act." United States v. Smith, 633 F.2d 739, 741 (9th Cir. 1980). As the Smith court further stated:

> The history of the American bar is replete with instances of pro bono service by its members. That service has not been undertaken with regard to monetary enrichment, but has been motivated by the higher objective of obtaining equal justice for all, a goal which enriches and strengthens the commonweal. If our holding today discourages those who look upon

> the Criminal Justice Act as a profit center, so be it. We have not yet reached the day when other members of the bar will not step forward to take their place, dedicated to the principles of equal justice and competent representation for the less fortunate in our society.

Id.; see In re Carlyle, 644 F.3d 694, 699 (8th Cir. 2011) (Riley, C.J.).

For these reasons, the Court finds that the representation of petitioner in civil actions challenging the constitutionality or legality of Missouri's execution protocol is not compensable under 18 U.S.C. § 3599.

The Guide recommends providing for a budget in clemency actions. Guide Vol. 7A § 680.30. As a result, the Court will direct counsel to submit a proposed budget within thirty days of the date of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for appointment of counsel [Doc. 92] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Cheryl Pilate and Charles Rogers are appointed to represent petitioner in state clemency proceedings. The nunc pro tunc date of the appointment is May 17, 2012.

**IT IS FURTHER ORDERED** that counsel may seek compensation for work performed in state executive clemency proceedings and in responding to the Missouri Supreme Court's order to show cause why an execution date should not be set. In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that counsel shall submit a proposed budget no later than thirty days from the date of this Memorandum and Order.

So Ordered this 11th day of July, 2012.

                                             *E. Richard Webber*
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE